# THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF TEXAS
# DALLAS DIVISION

| | |
|---|---|
| **CONNECTIVE AGENCY LLC,**<br><br>　　　　　Plaintiff,<br><br>v.<br><br>**CONNECTIVE DX, INC.,**<br><br>　　　　　Defendant. | **Civil Action No. 3:17-cv-1918**<br><br>**JURY TRIAL DEMANDED** |

## COMPLAINT FOR TRADEMARK INFRINGEMENT

Plaintiff, Connective Agency LLC ("Plaintiff") files this complaint against Defendant Connective DX, Inc. ("Defendant") for trademark infringement and false designation of origin under the Lanham Act, 15 U.S.C. §§ 1114 and 1125(a).

## PARTIES

1. Plaintiff Connective Agency LLC is a Texas limited liability company with a principle place of business at 633 West Davis St., Dallas, TX 75208.

2. Upon information and belief, Defendant Connective DX is an Oregon corporation with a principle place of business at 2030 N.W. Pettygrove Street, Portland, OR 97209. Upon information and belief, Defendant may be served via its registered agent: Immix Services, Inc., 600 NW Naito Pkwy., Ste. G, Portland, OR 97209.

## JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction in this matter pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1121.

**COMPLAINT – PAGE 1**

4. This Court has personal jurisdiction over Defendant because it regularly transacts business within this judicial district, and has committed violations of the Lanham Act within this judicial district.

5. Venue is proper in this district pursuant to pursuant to at least 28 U.S.C. § 1391.

## FACTUAL ALLEGATIONS

6. Plaintiff is the owner of the federally registered trademark CONNECTIVE AGENCY, U.S. Trademark Serial No. 87,119,330 and Registration No. 5,212,361 (the "Trademark"), for use in conjunction with advertising and publicity services, a true and correct copy of which is attached hereto as Exhibit A.

7. The Trademark is for a design mark using the words "Connective Agency" in a stylized front as shown below



8. Plaintiff has used the Trademark in commerce continuously since at least May 22, 2014 in connection with its advertising and publicity services.

9. Plaintiff has expended considerable sums of money as well as the time and effort of employees and agents of Plaintiff in the development of its website and product advertisement and brochures, which use the Trademark.

10. At all times, the Trademark was and is a valid mark. The registration is prima facie evidence of Plaintiff's nationwide priority and its exclusive right to use and license the Trademark in commerce.

11. After Plaintiff established priority in the Trademark via its registration, Defendant began a campaign to unlawfully appropriate Plaintiff's goodwill and valuable intellectual property

assets by marketing services which are similar to Plaintiff's services, targeting the same customer base as Plaintiff.

12.     Defendant is using Plaintiff's Trademark, or a colorable imitation thereof, in commerce on its website www.connectivedx.com in conjunction with its advertising and publicity services, a true a correct copy of a screen capture of Defendant's website is attached hereto as Exhibit B.

13.     Defendant markets its services under the confusingly similar design "Connective DX" using an identical font, shown below.



14.     Upon information and belief, the use of "Connective DX" with an identical font to Plaintiff's Trademark has caused confusion among Plaintiff's customers.

15.     Plaintiff was first alerted to Defendants use of Connective DX in connection with its services in or about July 2016.

16.     On August 4, 2016, Plaintiff notified Defendant that Defendant was using Plaintiff's Trademark.

17.     Despite Plaintiff's notice, Defendant has continued to use Plaintiff's Trademark on its website in connection with the sale, offering for sale, distribution, or advertising of goods or services.

### COUNT I – TRADEMARK INFRINGEMENT UNDER 15 U.S.C. § 1114

18.     Plaintiff incorporates the allegations of Paragraphs 1 through 17 specifically by reference.

19. Defendant's use of the Trademark is a violation of 15 U.S.C. § 1114(1)(a) in that the Defendant has, without the consent of Plaintiff who is the owner of the Trademark, used in commerce a reproduction, counterfeit, copy, or colorable imitation of that registered mark in connection with the sale, offering for sale, distribution or advertising of goods and services provided by Defendant. Defendant has used the imitation "Connective DX" in such a manner as is likely to cause confusion, mistake, or deceive.

20. Defendant's use of the Trademark is a violation of 15 U.S.C. § 1114(1)(b) in that Defendant has, without the consent of Plaintiff who is the registrant of the Trademark, used in commerce a counterfeit, copy, or colorable imitation of the registered mark of Plaintiff and applied such counterfeit, copy, or colorable imitation to advertisements intended to be used in commerce, (namely the website www.connectivedx.com) in connection with the sale, offering for sale, distribution or advertising of goods or services. Defendants have used the imitation "Connective DX" in such a manner as is likely to cause confusion, mistake or to deceive.

21. Upon information and belief, Defendant's acts were committed with knowledge that its imitation was intended to cause confusion, or to cause mistake, or to deceive.

22. Defendant's infringing activities have caused and, unless enjoined by this Court, will continue to cause, irreparable injury and other damages to Plaintiff, its business, its reputation and good will because Plaintiff has no adequate remedy at law.

**COUNT II – FALSE DESIGNATION OF ORIGIN UNDER 15 U.S.C. § 1125(a)**

23. Plaintiff incorporates the allegations of Paragraphs 1 through 22 specifically by reference.

24. Defendant's use of the Trademark as alleged herein constitutes the use of false designations of origin in commerce and false representations in commerce that are likely to cause

confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of Defendant with Plaintiff or its Trademark, or as to the origin, sponsorship, or approval of Defendant's goods or services.

25. Defendant's conduct complained of herein was and is intentional and willful.

26. Defendant's acts complained of herein have damaged Plaintiff and, unless enjoined, will continue to damage and cause irreparable injury to Plaintiff's reputation and goodwill. Plaintiff has no adequate remedy at law.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff demands judgment against the Defendant, as follows:

1. Defendant has violated 15 U.S.C. § 1114(1) of the Lanham act;

2. Defendant has violated 15 U.S.C. § 1125(a) of the Lanham act;

3. For temporary, preliminary and permanent injunctions, restraining and enjoining Defendant, and its agents, employees, representatives, servants, successors, assigns, and all those acting under its control or the control of any of the foregoing persons and/or on their behalf and/or in concert with them, from continuing to use the Trademark, and from otherwise unfairly competing with Plaintiff.

4. That Defendant be required to pay Plaintiff such damages as Plaintiff has sustained by reason of the aforementioned violations to the full extent provided for by 15 U.S.C. §§ 1114(1) and 1125(a), and that those damages be trebled pursuant to 15 U.S.C. § 1117 in view of the willfulness of Defendant's actions.

5. Directing Defendant or its attorneys to file with this Court and serve upon Plaintiff's counsel within 30 days of entry of judgment a report in writing under oath setting forth in detail

the manner and form in which the Defendant has complied with the requirements of the injunction and order.

6. That Plaintiff be awarded all of Plaintiff's costs in this action, including Plaintiff's reasonable attorneys' fees and expenses;

7. That Plaintiff be awarded such other and further relief as may be deemed just and proper by this Court.

DATED July 19, 2017.

Respectfully submitted,

By: */s/ Neal Massand*
Hao Ni
Texas Bar No. 24047205
hni@nilawfirm.com
Timothy T. Wang
Texas Bar No. 24067927
twang@nilawfirm.com
Neal G. Massand
Texas Bar No. 24039038
nmassand@nilawfirm.com
Stevenson Moore V
Texas Bar No. 24076573
smoore@nilawfirm.com
Krystal L. McCool
Texas Bar No. 24082185
kmccool@nilawfirm.com

**NI, WANG & MASSAND, PLLC**
8140 Walnut Hill Ln., Ste. 500
Dallas, TX 75231
Tel: (972) 331-4600
Fax: (972) 314-0900

**ATTORNEYS FOR PLAINTIFF
CONNECTIVE AGENCY LLC**